153 F.3d 726
 98 CJ C.A.R. 3851
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael Anthony COLLINS, Plaintiff-Appellant,
v.
James HUFF, Defendant-Appellee.
 No. 97-1443.
 United States Court of Appeals, Tenth Circuit.
 July 14, 1998.
 
 Before KELLY, BARRETT, and HENRY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Michael Anthony Collins appeals the district court's grant of summary judgment dismissal of his 42 U.S.C. § 1983 claim against defendant, Denver Police Detective James Huff. "We review the district court's grant of summary judgment de novo, applying the same standard used by the district court under Fed.R.Civ.P. 56(c)." Novell, Inc. v. Federal Ins. Co., 141 F.3d 983, 985 (10th Cir.1998).
 
 
 4
 Collins asserts that Detective Huff violated his civil rights by omitting material, exculpatory information when he prepared an affidavit to obtain an arrest warrant for Mr. Collins for check fraud. It is a Fourth Amendment violation to knowingly or recklessly omit from an arrest affidavit information which, if included, would have vitiated probable cause. See Stewart v. Donges, 915 F.2d 572, 582-83 (10th Cir.1990). After a thorough review of the record, we agree with the district court's conclusion that Mr. Collins presented no evidence that even suggests that Detective Huff knowingly or recklessly disregarded the truth when he prepared his affidavit and presented Mr. Collins' arrest warrant. We therefore conclude that Detective Huff did not violate the Fourth Amendment. Accordingly, we affirm for substantially the reasons stated by the district court in its order dated November 6, 1997.
 
 
 5
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3